UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD MAMPE** | ) | Case Number |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| **WELTMAN, WEINBERG & REIS CO., L.P.A.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Richard Mampe, by and through his undersigned counsel, Brent F. Vullings of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Richard Mampe (hereinafter "Plaintiff"), is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.   Venue in this District is proper in that the Defendant transacts business here the Plaintiff resides in this District.

### III. <u>PARTIES</u>

4. Plaintiff, Richard Mampe, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 25 Copper Beech Drive, Lafayette Hill, PA 19444.

5. Defendant, Weltman, Weinberg & Reis Co., L.P.A ("Defendant"), at all times relevant hereto, is and was a law firm engaged in the business of collecting debt within the Commonwealth of Pennsylvania with offices at 325 Chestnut Street, Suite 501, Philadelphia, PA 19106 and 175 South 3rd Street, Suite 900, Columbus, OH 43215.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. <u>FACTUAL ALLEGATIONS</u>

7. Plaintiff, Richard Mampe, allegedly incurred a debt for primarily personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Capital One credit card.

8. Commencing in early March 2009, Defendant started a series of harassing and abusive telephone calls to Plaintiff's cell phone and place of employment concerning a consumer debt allegedly due and owing.

9. Defendant, by and thru their agents, including but not limited to, Mr. Pargin, Phillip Overholtzer have left numerous voicemail messages. These messages are in violation of the FDCPA because they are abusive, harassing and deceptive. In addition to messages left by Defendant's agents, Defendant used an automated system to call Plaintiff's cell phone and leave voicemail messages repeatedly.

10. Some examples of statements made by Defendant's agents are:

　　a. In phone calls placed to Plaintiff's cell phone:

"Apparently you didn't understand the seriousness of my first phone call. I'm going to give you until noon tomorrow. If I do not hear from you, good luck."

"If you wish to avoid me calling your work to talk to you, you will return my phone call voluntarily and work this out voluntarily. If not, we will work it out involuntarily."

　　b. In a phone call placed to Plaintiff's place of employment:

"My name is Mr. Pargin. I'm a legal assistant at the law firm of Weltman, Weinberg & Reis. I need Richard Mampe to return my phone call or the payroll department to verify his employment for me."

11. Plaintiff reasonably inferred, as would a "least sophisticated consumer" that the Defendant was on the verge of filing suit against him in regards to the alleged debt.

12. Additionally, under the standard of "least sophisticated consumer", Plaintiff presumed Defendant was able to garnish his wages and thus the reason for the phone call to Plaintiff's employer for purposes of employment verification.

13. Defendant cannot garnish Plaintiff's wages because Plaintiff lives in the Commonwealth of Pennsylvania, which does not allow wage garnishment for defaulted credit card debt.

14. Plaintiff, to date, has not been sued in regards to the alleged debt.

15. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff, communicated with persons other than Plaintiff that Plaintiff owes a debt and made such communications on multiple occasions.

17. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions wit tin compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through it's agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer the same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I
## FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

22. Plaintiff repeats, re-alleges and incorporates herein the foregoing allegations.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of §§ 1692b(1), b(3), c(a)(1), c(a)(3), c(b), d, d(5), d(6), e, e(2), e(3), e(4), e(5), e(7), e(10), e(11) and f.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, WELTMAN, WEINBERG & REIS CO., L.P.A., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act.

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Reasonable attorney's fees and litigation expenses, plus costs of suit;

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

25. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

26. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

27. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

28. The FCEUA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

29. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

30. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

31. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

32. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 <u>et seq.</u>

33. The foregoing paragraphs are incorporated herein by reference.

34. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

35. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

36. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

 a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

 b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

 c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

37. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

38. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

 a. An Order declaring that Defendant violated the UTPCPL;

 b. Actual damages;

 c. Treble damages;

    d.    An award of reasonable attorney's fees and expenses and cost of suit; and

    e.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:   March 19, 2009**　　　　　　**BY:**   \_\_/s/Brent F. Vullings_____
Brent F. Vullings, Esquire
Warren & Vullings, LLP
Identification No. 92344
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiffs